# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CIVIL ACTION NO. 1:16-CV-1323 |
| UNITED TAX GROUP, LLC, | : | (Chief Judge Conner) |
| Debtor | : | |
| EDWARD WELKE, | : | |
| Appellant | : | |
| v. | : | |
| GEORGE L. MILLER, Chapter 7 Trustee, | : | |
| Appellee | : | |

## MEMORANDUM

Appellant Edward Welke ("Welke") commenced this action against George L. Miller, Chapter 7 Trustee for the bankruptcy estate of United Tax Group, LLC ("the Trustee"), appealing an order from the United States Bankruptcy Court for the Middle District of Pennsylvania granting judgment on the pleadings in favor of Welke with leave for the Trustee to amend the complaint. (Doc. 1). The Trustee moves to dismiss Welke's appeal pursuant to 28 U.S.C. § 158(a) and seeks sanctions pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 1927. (Docs. 7, 15). For the reasons that follow, the court will grant the Trustee's motion (Doc. 7) to dismiss and deny the Trustee's motion (Doc. 15) for sanctions.

## I. Factual Background & Procedural History

United Tax Group, LLC, filed a voluntary petition for Chapter 7 bankruptcy on March 5, 2014. (Doc. 7 ¶ 1; Doc. 9 ¶ 1). The Trustee initiated an adversary

proceeding against Welke and John Does 1 through 100 alleging seven counts seeking avoidance and recovery of preferential and fraudulent transfers. Miller v. Welke (*In re* United Tax Group, LLC), No. 16-50088, Doc. 1 (Bankr. D. Del. Mar. 3, 2016). The bankruptcy court granted Welke's motion for judgment on the pleadings on December 13, 2016 and provided the Trustee 30 days to amend his complaint. Id. at Docs. 6, 22, 23; (see also Doc. 7-1).

On December 27, 2016, Welke filed a notice of appeal from the bankruptcy court's order granting the Trustee leave to amend the complaint. (Doc. 1). The Trustee moves to dismiss the appeal for lack of jurisdiction. (Doc. 7). In the interim, the Trustee filed a motion (Doc. 15) for sanctions and a motion (Doc. 19) to strike Welke's response to the motion for sanctions as untimely. The motions are fully briefed and ripe for disposition.

## II. **Legal Standard**

An appeal from a bankruptcy court's order places the district court in the posture of an appellate tribunal, requiring it to accord the appropriate level of deference to the decision of the bankruptcy judge. In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989); see also Stern v. Marshall, 131 S. Ct. 2594, 2603-04 (2011); FED. R. BANKR. P. 8013. The court reviews the factual findings of the bankruptcy court for clear error and its legal conclusions *de novo*. Sharon Steel, 871 F.2d at 1222-23. This court will not disturb the resolution of an issue committed to the discretion of the bankruptcy court unless a manifest abuse of that discretion is apparent. See id.

2

**III. Discussion**

The Trustee's argument in favor of dismissal is twofold: *first*, that the bankruptcy court's order is not final and thus is not appealable as of right, and *second*, that the circumstances do not warrant interlocutory review. The Trustee also seeks sanctions pursuant to 28 U.S.C. § 1927. The court will address the Trustee's arguments *seriatim*.

**A. Finality**

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" by a bankruptcy court. 28 U.S.C. § 158(a)(1). The concept of finality is viewed "in a more pragmatic and less technical sense" in bankruptcy cases than in other types of civil cases. In re Armstrong World Indus., Inc., 432 F.3d 507, 511 (3d Cir. 2005); 718 Arch St. Assocs., Ltd. v. Blatstein (In re Blatstein), 192 F.3d 88, 94 (3d Cir. 1999). This broader view of finality permits hearing an appeal of an order that implicates issues unique to bankruptcy proceedings. Armstrong, 432 F.3d at 511 (citing In re Owens Corning, 419 F.3d 195, 203 (3d Cir. 2005), as amended (Nov. 1, 2007)). Ordinary concepts of finality in civil litigation otherwise govern bankruptcy orders that do not fully adjudicate a specific adversary proceeding. In re Truong, 513 F.3d 91, 94 (3d Cir. 2008) (citing United States v. Nicolet, Inc., 857 F.2d 202, 206-07 (3d Cir. 1988)). A bankruptcy court order in an individual adversary proceeding is final if it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Id. (quoting Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381 (3d Cir. 1996)).

Obviously, a bankruptcy court's decision to grant leave to amend a complaint does not resolve "an issue[] central to the progress of [a] bankruptcy petition." Owens, 419 F.3d at 203 (citations omitted). Welke appeals only the portion of the bankruptcy court's December 13, 2016 order granting the Trustee leave to amend his complaint. (Doc. 9 at 4; see also Doc. 7-1 at 12-13). As the order relates solely to the progress of litigation before the bankruptcy court, Truong, 513 F.3d at 94, traditional concepts of finality control disposition of this matter.

The bankruptcy court granted Welke's motion for judgment on the pleadings and provided the Trustee 30 days to amend the complaint. (Doc. 7-1 at 13). Welke filed his appeal before the expiration of this deadline. (See Doc. 1; Doc. 7-1). Therefore, at the time Welke appealed, the bankruptcy court's order did not end the litigation. See Truong, 513 F.3d at 94. The Trustee's decision to file an amended complaint would revive the litigation and trigger the need for further factual development. Consequently, the bankruptcy court's order was not final.

### B. Discretion to Hear as an Interlocutory Appeal

District courts have discretion to hear appeals from "interlocutory orders and decrees" by a bankruptcy court. 28 U.S.C. § 158(a)(3); see also FED. R. BANKR. P. 8003(c). In the absence of statutory guidance, district courts in the Third Circuit have imported the criteria of 28 U.S.C. § 1292(b) to determine when granting leave to appeal an interlocutory order of a bankruptcy court is appropriate. See, e.g., In re AE Liquidation, Inc., 451 B.R. 343, 346 (D. Del. 2011); In re Philadelphia Newspapers, LLC, 418 B.R. 548, 556 (E.D. Pa. 2009), aff'd, 599 F.3d 298 (3d Cir.

2010), as amended (May 7, 2010); Patrick v. Dell Fin. Servs., 366 B.R. 378, 385 (M.D. Pa. 2007).

Under Section 1292(b), an interlocutory appeal may be granted if (1) a controlling question of law is at issue; (2) there are substantial grounds for difference of opinion as to that question of law; and (3) an immediate appeal would materially advance the litigation's termination. In re Rosen, 560 B.R. 415, 421 (E.D. Pa. 2016); AE Liquidation, 451 B.R. at 346. The party seeking leave to appeal an interlocutory order must establish the existence of these criteria. Patrick, 366 B.R. at 385. The party seeking leave must also demonstrate that "exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." Rosen, 560 B.R. at 421 (quoting In re Del. & Hudson Ry. Co., 96 B.R. 469, 472-73 (D. Del. 1989), aff'd, 884 F.2d 1383 (3d Cir. 1989)); In re SemCrude, L.P., 407 B.R. 553, 557 (D. Del. 2009).

Welke contends that the court should exercise discretionary jurisdiction to hear this interlocutory appeal pursuant to Section 158(a)(3).[1] (Doc. 9 ¶¶ 15-16). Assuming *arguendo* that his appeal satisfies the Section 1292(b) criteria, Welke has not presented any exceptional circumstances warranting the need for immediate review of the bankruptcy court's order granting leave to amend. AE Liquidation, 451 B.R. at 348-49; (see Doc. 9). During the pendency of this interlocutory appeal,

---

[1] The Trustee argues that Welke failed to obtain permission from the bankruptcy court to appeal this interlocutory order. (Doc. 10 at 3). A district court may grant leave to hear an interlocutory appeal when a party "mistakenly believes the order appealed from is final and files only a notice of appeal." Phila. Newspapers, 418 B.R. at 556 (quoting FED. R. BANKR. P. 8003(c), advisory committee's note to Subdivision (c)).

5

the Trustee filed an amended complaint, Welke moved to dismiss the amended complaint, and the Trustee requested leave to file a second amended complaint. Miller v. Welke (*In re* United Tax Group, LLC), No. 16-50088, Docs. 41, 42, 43. Both motions are fully ripe and ready for disposition. Id. at Docs. 45, 47. The bankruptcy court is in the best position to resolve the issues presented by the parties in the context of these cross motions. We therefore decline to exercise jurisdiction over Welke's interlocutory appeal.

### C. Motion for Sanctions

A district court may impose sanctions on an attorney who unreasonably and vexatiously multiplies the proceedings in any case. 28 U.S.C. § 1927. To impose sanctions under Section 1927, a court must find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the litigation; and (4) by engaging in bad faith or intentional misconduct. *In re* Prosser, 777 F.3d 154, 161 (3d Cir. 2015) (citing *In re* Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002) (quotations omitted)). Bad faith is evinced by findings that a party advanced meritless claims, that counsel knew or should have known of their meritless nature, and that there was an improper motive for filing the suit. Prudential, 278 F.3d at 188. In the bankruptcy context, bad faith disruption of the adjudication of a bankruptcy petition or related adversary proceedings merits imposition of sanctions. Prosser, 777 F.3d at 162 (citing *In re* Mansaray–Ruffin, 530 F.3d 230, 234 (3d Cir. 2008)). The circumstances of the appeal *sub judice* do not warrant imposition of sanctions on counsel for Welke.

6

**IV.    Conclusion**

The court will grant the Trustee's motion (Doc. 7) to dismiss and deny the Trustee's motion (Doc. 15) for sanctions.  An appropriate order shall issue.


    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:    January 11, 2018